IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACKIE TATES,

        Plaintiff,                    No. CIV S-03-1950 DFL CMK P

    vs.

SACRAMENTO COUNTY, et al.,

        Defendants.

_____/       <u>ORDER</u>

        Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to the undersigned by Local Rule 72-302 by the authority of 28 U.S.C. § 636(b)(1). Currently pending before the court is plaintiff's March 9, 2006 motion to extend discovery.  (Doc. 54-2.)  Defendant filed objections to plaintiff's motion on March 13, 2006.

**Background**

        On October 26, 2005, the undersigned filed a scheduling order, which, among other things, set March 17, 2006 as the discovery cutoff in this case.  Pursuant to the scheduling order, all requests for discovery pursuant to Fed. R. Civ. P 31, 33, 34 or 36 were required to be served by at least sixty days prior to the discovery cutoff date—by January 17, 2006.  On February 23, 2006, plaintiff's attorney noticed the deposition of Sacramento County Sheriff Lou

Blanas and Undersheriff John McGinness,[1] setting the deposition dates for March 9, 2006 and March 3, 2006 respectively. (Doc. 54-3, Exs. A and B.) The deposition notices asked the deponent to produce several documents for copying and inspection at the depositions. (Id.)  On February 28, 2006, defendants' counsel objected to the noticed deposition for three reasons: (1) neither counsel nor deponents were available on the noticed dates; (2) the notices did not comply with Fed. R. Civ. P 34(b) in that defendants' did not have thirty days advance notice for a deposition with production of documents; and (3) the notices failed to comply with the court's scheduling order because they were not served sixty days prior to the March 17, 2006 discovery cutoff date.  (Doc. 54-3, Ex. C.)

After conferring by phone, counsel agreed to deposition dates of April 6, 2006 and April 10, 2006.  (Doc. 54-3, Decl. of Kelly T. Smith at 2:9-14,  Ex. D.)  In a letter dated March 7, 2006, plaintiff's counsel sought a stipulated agreement extending the discovery cutoff for the limited purpose of conducting the depositions of Blanas and McGinness and requiring the production of documents at these depositions.  (Doc. 54-3, Ex. E.)  Defense counsel refused to stipulate to extending the discovery cutoff in a letter dated March 7, 2006, noting that plaintiff had had more than two years to conduct discovery and that judges in the Eastern District have indicated the seriousness of the deadlines in scheduling orders.  (Doc. 54-3, Ex. F.)

**Discussion**

In order to encourage careful pretrial management, Rule 16(b) requires that a pretrial scheduling order be filed to establish timetables by which the case should proceed, including timetables for completing discovery. See Fed. R. Civ. P 16(b).  Rule 16 specifically provides that a scheduling order can be modified only upon a showing of good cause. See Id.  In

---

[1] Plaintiff's motion refers to the undersheriff as "John McGinness." Defendants refer to the undersheriff as "John McGinnis" in their March 3, 2006 letter and as "John McGinness" in their February 28, 2006 objection to the notice of the undersheriff's deposition. It is not clear what the correct spelling of the Undersheriff's last name is.  The court refers to the undersheriff as "John McGinness" in this order.

other words, a party seeking to modify the scheduling order must show that the deadlines cannot be reasonably met, despite the diligence of the party needing an extension. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. Although prejudice to the opposing party may supply additional reasons to deny a motion, the court's focus in granting a motion to modify the scheduling order is upon the moving party's reasons for seeking the modification. See Id.

In her Motion to Extend Discovery for the Purpose of Deposition and Documents from sheriff Lou Blanas and undersheriff John McGinness, plaintiff states that counsel has diligently sought to obtain the records of the sheriff and undersheriff and that the failure to comply with the scheduling order was due to attorney oversight. Plaintiff avers that the sheriff's personal knowledge and the corroboration of the undersheriff are key issues in this action and that the documents sought for production at the depositions are not expected to duplicate any of the prior requests or responses. Plaintiff states that she refrained from noticing the deposition of the sheriff and the undersheriff until preliminary discovery was completed. Plaintiff points out that defendants have had notice since February 23, 2006 of the request for the production of documents and, therefore, production of such will not prejudice defendants' case.

Defendants have filed objections to plaintiff's motions. Defendants' March 13, 2006 objections focus on the failure of plaintiff to comply with the notice requirements of the Federal Rules of Civil Procedure and with the Eastern District's Local Rules. Defendants' March 15, 2006 objections argue that plaintiff's counsel did not act with due diligence in this case because plaintiff's counsel has failed to act with due diligence in previous cases in this court. Defendants have listed several examples of plaintiff's counsel's failure to comply with discovery deadlines. Defendants argue that plaintiff's motion "threatens to prejudice" defendants by "forcing them back into the discovery state of litigation." (Doc. 61 at 9:1-4.)

///

Although plaintiff's counsel admits that the failure to comply with the deadlines imposed in the scheduling order was due to counsel's oversight, the court finds that plaintiff's counsel has diligently proceeded with discovery.  The court is mindful of defendants' representations about plaintiff's counsel's failure to comply with discovery deadlines in other cases litigated in this court; however, the court cannot use plaintiff's actions in other cases to find that plaintiff has not acted with due diligence in this case.  Plaintiff seeks to extend the discovery deadline  for a very limited purpose—the deposition and production of documents from sheriff Blanas and undersheriff McGinness.  Extending the discovery deadline will not prejudice defendants in any way, nor is there any representation from either party that extending the discovery deadline will require moving the dispositive motion deadline.  Additionally, the court notes that defendants' counsel, through their meet and confer efforts with plaintiff's counsel, have already agreed to reschedule the depositions of the sheriff and undersheriff.

**Conclusion**

IT IS ORDERED that:

1. Plaintiff's March 9, 2006 motion to extend discovery (doc. 54) is granted;

2. The March 17, 2006 discover cutoff is extended for the following limited purpose: the April 6, 2006 deposition and request for production of documents of sherif Lou Blanas and the and the April 10, 2006 deposition and request for production of documents of undersheriff John McGinness.

3. All other deadlines in the October 26, 2006 scheduling order remain the same.

DATED:  March 15, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE